We move to the fourth case this morning, Morgan v. Schott. Bill Barrow on behalf of the plaintiff, Jeryme Morgan. May it please the court. Now we set forth two principal arguments in our opening brief. And if I may, I'd like to start with the second argument addressing the conflicting rulings in Peralta and Hayward. As this court is aware, Peralta held that a prisoner subject to mixed sanctions may challenge the sanctions affecting the conditions of his confinement if he is willing to forego all challenges to any sanctions affecting its duration. And that's exactly what Mr. Morgan has done in this case. In bringing this suit, Mr. Morgan waived all present and future challenges regarding his loss of good time credits. So the question is really whether Peralta is consistent with Heck and its progeny. We already said it wasn't at length and in depth in Hayward that it's an outlier and we're not adopting it. So unless there's a really, really compelling reason to revisit the exhaustive treatment of this issue in the Hayward decision, that's not your strongest argument. Understood, Your Honor. Would you like us to change Hayward? I'm sorry? Would you like us to undo Hayward? I would, Your Honor. And do you agree we would have to reverse Hayward in order to find in your favor on this issue? Absolutely. You may proceed. Thank you, Your Honor. So Peralta appropriately acknowledged that Heck only extends the prison disciplinary proceedings to the extent they have an effect on the underlying criminal conviction or the length of the sentence served. And in doing so, Peralta relied on Mohammed v. Cross, which stated that Heck is not, and I quote, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence. And that portion of Mohammed clarified that the incarceration, and this is in a footnote, that the incarceration that matters under Heck is the incarceration ordered by the original judgment of conviction, not special disciplinary confinement for infraction of prison rules. So the implication here is that, again, that prison disciplinary cases invoke Heck only when the prison disciplinary sanction affects the length of the prison sentence served. And that cannot be the case if the prisoner has waived the right to challenge the loss of good time credits. But in light of Hayward, you agree you can't get around that unless we reverse Hayward, right? Well, if you look at, well, obviously you all have looked at Hayward, Peralta is distinguished on various bases. And we submit that Peralta is actually very much consistent with these cases. If we look at, for example, McCurdy v. Sheriff of Madison County, that case held that the plaintiff can't, and that now is the case where the plaintiff, it held that the plaintiff cannot sidestep Heck by conceding a conviction's validity. But at the same time, it involved a claim that would demonstrate the invalidity of the underlying conviction. So it wasn't a prison disciplinary case. And that's the same issue with Byrd v. Sessler. And that's another basis on which Hayward distinguished or, I guess, set aside the Peralta ruling. And just by way of clarification, that case pertained to prison officials' refusal to allow the inmate access to the library to conduct research for his appeal. So they were talking about the issue there was the underlying conviction. I've already mentioned Muhammad v. Close. There's nothing inconsistent with Peralta and Edwards v. Balasag. There the court ruled that although the prisoner did not request that his good time credits be restored, the claim procedural effect would necessarily imply the invalidity of that punishment and therefore affect the length of sentence. So there is no waiver there. So there is consistency between Peralta and these other cases. We just want to state that for the court. I'm not sure that was conveyed clearly in the briefs. The heck line of cases isn't just concerned about procedural inconsistency. It's concerned about substantive inconsistency and the problem of conflicting judgments. And Peralta is just completely in contravention of that rule by saying that the plaintiff can sort of get an end run around the heck rule by giving up part of his claim and still pursue another part of his claim that obviously implies that the prison discipline was invalid just because he's not challenging the loss of good time credits. He's only challenging disciplinary seg and other deprivations. It's still an underlying inconsistency of a substantive nature. To claim in a section 1983 suit that your constitutional rights were violated by a prison disciplinary proceeding is to necessarily imply that there was a constitutional violation in that disciplinary proceeding. Those are flatly substantively inconsistent. We submit, Your Honor, that the primary concern in Heck was the number of cases that use this language. I think Hill v. Murphy is another case. Sort of the casting of a shadow over the underlying conviction. And I think that's distinct from prison sanctions. So I guess that's the distinction that I want to make. Casting a shadow is not a legal rule. Understood, Your Honor. That's just rhetorical language. I'm talking about the legal rule of Heck. Which doesn't just depend on inconsistent remedies, but substantive inconsistency. Understood. Last point I want to make on this, Your Honor, is the practical impact of Heywood. Which is that it inadvertently results in the, and I'm quoting Peralta here, the perverse incentives that were worn against the footnote 8 of Peralta. As long as a disciplinary officer or disciplinary review board remembers to include the loss of one day's worth of good time credits, prisoners would encounter severe roadblocks in attempting to challenge the conditions of their confinement. So effectively, they would have to bring all these cases as, I suppose, as habeas actions, or they would have to first resolve the habeas case. That's just disagreement with the Supreme Court's extension of the Heck rule to prison discipline. Lower court judges aren't permitted to do that. So turning to the first argument in our briefs. As stated, Heck does not bar Morgan's due process claim because it would not necessarily imply the conviction of his sentence. There are a number of cases that have effectively interpreted necessarily imply the invalidity of, to effectively mean inevitably invalidate, or to require a challenge to an essential finding regarding the claimant's conviction or sentence. And so there are a number of cases that support this. Moore v. Mahoney. The court stated Heck prevents a prisoner in a civil rights case the challenge of finding in this criminal prison discipline case that was essential to the decision in that case. Similarly, in Wilkinson v. Dotson, the Supreme Court held that a prisoner may challenge procedural pathways that may prove inculpatory, exculpatory, or inconclusive. And that's essentially what we have here. We don't know precisely what Mr. Lewis would say. He indicated, or Mr. Morgan indicated, that he could testify regarding his whereabouts. But the ultimate result of a new hearing, which is what we're requesting. This is a claim for damages. A judgment in your client's favor necessarily implies that the disciplinary proceeding was invalid on due process grounds. That's the only way he can win his claim here, is by proving that there was a due process violation in the disciplinary proceeding. Two things can't coexist unless he gets his disciplinary proceeding overturned. I would submit that, similar to the Skinner case, we have a set of evidence where we don't know one way or the other what the result would be. Did you raise this argument below, this procedural argument? I know you raised the waiver, but that seemed to be your focus below. I think it was encompassed within the due process claim. But this specific argument was not raised below. I'll sort of remain with my time for rebuttal. If the case were dismissed, you'd be able to bring it under an appropriate statute, right? Under habeas? Yeah. Yes, that's my understanding. I'll reserve the rest of my time for rebuttal. Thank you, Judge. Mr. Prescott. May it please the Court. My name is Frank Yeschott, and I represent the defendants. Morgan's due process claim is barred by HEC because the judgment that the prison disciplinary hearing violated due process would necessarily imply that the resulting decision and revocation of good conduct credit is also invalid. I'm just going to go right through Morgan's two main arguments here on appeal. His first one is that this case is more like Wilkinson or Skinner, and that a decision in his favor wouldn't necessarily imply the invalidity of the revocation because there's a possibility that he could be retried in a new prison disciplinary proceeding, and that might result in the same sanction. This case is distinguishable from both Wilkinson and Skinner for the reasons that this Court pointed out in Byrd. Both Wilkinson and Skinner are forward-looking claims. They're challenging what sort of procedures those plaintiffs were entitled to from this point going forward, whereas this claim is a backward-looking claim. Morgan is looking backward and challenging the fairness of his prison disciplinary hearing. So they're fundamentally different for those reasons. Skinner and Wilkinson were not challenging their trials or their sentencing hearings or their convictions or their sentences. As the Court pointed out in Wilkinson, holding that you're entitled to parole hearings going forward doesn't say anything about your current sentences. Right, the prisoner in Skinner wanted DNA tests to try to prove his innocence. Right, during a post-conviction hearing under Texas state law. The prisoner in Wilkinson wanted new parole procedures. Correct. Or relief from, he wanted to be evaluated for parole under the old standards rather than the new standards. Correct. In neither case did they challenge their sentences, convictions, trials, sentencing hearings, anything of that nature, whereas this is a backward-looking claim where Morgan is challenging the validity of the hearing, and consequently it meets the threshold standard of falling within the favorable termination rule. And turning to Haywood, as this Court well knows, it rejected the parole to argument just two years ago. The parole to argument was also inconsistent with this Court's decision in McCurdy. Morgan has not presented any compelling circumstances or reasons for overcoming stare decisis in this case. He just argues that Haywood is wrong for the same reasons that Haywood rejected below. But in any event, Haywood was correctly decided because what Haywood gets at at its core is that it realizes that what heck and that line of cases is about is whether a decision on the substantive merits of the claim would necessarily imply the invalidity of the prior sanction. Remedies are irrelevant. Here there's only, there's some language in the briefs that Morgan is waiving challenges to the revocation of credit, but not to these conditions of confinement. But there's only one claim here. The one claim is that this one disciplinary hearing violated due process. And if there is no one claim, then whatever specific relief he's seeking or is not seeking doesn't matter. The Court made that clear in Wilkinson and again in Haywood. There's no reason to distinguish Haywood on the basis of this being a prison disciplinary case. The Supreme Court has made clear that when you have a prison disciplinary case that involves the revocation of good conduct credit, you have a case about the length of the sentence and therefore you're in the habeas world. And as was pointed out at the end of the opening argument, if this Court affirms and dismisses this claim, he can still pursue these claims on habeas. He wouldn't be judicially established. Can he do that? It should have been dismissed rather than summary judgment. Well, it was dismissed on summary judgment. I think in the heck world sometimes you might not know just from the pleadings whether or not there's been a favorable termination. So I think procedurally sometimes it gets to the summary. But to make it clearer, we could change it to straight dismissal and then we'd know that he could bring it. True. Correct, Your Honor. And as we pointed out in our brief, we would think that would be dismissal without prejudice because he should be able to pursue a habeas claim if he so chose. And so for all those reasons, the defense asks this Court to affirm. Thank you very much. Thank you. We have a short period of time, but I'll give you 30 seconds. Okay. Thank you, Your Honor. So just to sort of reiterate what I suppose is the policy argument here in terms of how this effectively, Haywood as it presently stands provides a very simple and straightforward way for prisons to block inmates from bringing Section 1983 claims to challenge the conditions of their confinement. You have one day of loss. You revoke one day of good time credit. And the heck bar applies. But that's not a problem. Prisoners are not without a remedy. They have habeas and they also have state procedures. The disciplinary proceedings in the prison system are subject to state administrative review that goes into the state trial courts. So it's still not clear to us how exactly that would work. Would it essentially be a habeas case and then there would be a separate 1983 case following that once the Well, the most direct way to challenge a problem of this sort is to seek judicial review after state administrative remedies have been exhausted. But then this will require more time for the inmate to bring their case. So I'm just stating the policy argument. Unless Your Honor has any additional questions. I don't believe so. Thank you very much. Thank you. And you were appointed in this case, were you counsel? Yes, the firm was. The firm was. Thank you very much to the firm and to you as well. Thank you. Thanks to the government as well. And the case will be taken under advisement. Thank you.